**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DRAGON LIMITED, INC.**                                          **CIVIL ACTION**

**VERSUS**                                                                     **NO:    25-1750**

**CARBON ASSET DEVELOPER**                            **SECTION: "O" (4)**
**ASSOCIATES, LLC: ET. A.**

## ORDER AND REASONS

Before the Court is Vinay Ramesh's **Motion for Leave to File Complaint in Intervention R. Doc. 37.** The Motion is opposed. R. Doc. 43. A Reply Memorandum was also filed. R. doc. 46. The matter was heard with oral argument on July 29, 2026. R. doc. 59.

**I.      Introduction**

**A**. **Factual Summary**

This case concerns a breach of contract, an unpaid promissory note and the failure to reimburse Dragon Limited, Inc. ("Dragon") for expenses as promised. R. doc. 1  The contract is a Profit Share Agreement executed by Carbon Asset Developer Associates, LLC ("CADA") and Dragon. Rec. doc. 1. According to the complaint, the Promissory Note is a note by CADA payable to Dragon in the principal amount of $500,000.00. *Id.*   It is alleged that CADA failed to reimburse Dragon for business expenses.  *Id.*  According to the Complaint, the Profit Share Agreement required Dragon to fund a jointly maintained working capital bank account with CADA with a deposit of $500,000.00, such that CADA would qualify to bid on certain contracts with the United States Defense Logistics Agency ("DLA") relating to its bulk petroleum purchase program. *Id.*

Dragon alleges that in exchange, CADA would repay Dragon - $500,000.00 with applicable interest and disburse 45% of its profits to Dragon once CADA had accumulated sufficient profits to do so. *Id.*  CADA failed to fulfill its obligations under the Profit Share Agreement by not sharing its profits with Dragon. *Id.*  Instead, Dragon alleges that CADA ultimately barred Dragon from

accessing the bank account that it had agreed to jointly maintain in an attempt to conceal profits from Dragon such that CADA could unlawfully deprive Dragon of its share of the DLA profits. *Id.*

Dragon alleges that CADA acknowledged the obligation to repay Dragon the $500,000.00 in capital funds by signing a Promissory Note, dated December 23, 2024,  in the principal amount of $500,000.00, payable by CADA to Dragon, with interest on the unpaid principal at a rate of 10% per annum. *Id.*  The amount was to be calculated monthly, commencing on November 1, 2023, which was due and payable in full with interest on or before April 16, 2025. *Id.*  Dragon alleges that CADA has paid only $200,000.00 of the amounts due and owed under the Promissory Note and failed to repay the balance of principal and interest due under the Promissory Note. *Id.*

### B.  The Subject Motion Proposed Intervention

The subject motion was filed by Vinay Ramesh ("Ramesh"), a former employee of Dragon. R.doc. 37-1.  According to Ramesh, he was employed by Dragon from August 2016 through December 2025. *Id*.  Ramesh alleges that he personally evaluated the CADA opportunity, personally negotiated the documents at issue, drafted, and managed the very Profit Share Agreement and Promissory Note that form the subject matter of this litigation. R. doc. 37.  Ramesh claims that he has as a direct and substantial interest in the proceeds of those instruments and of this litigation, including as an intended third-party beneficiary under La. C.C. art. 1978.  He further claims that pursuant to an express, recorded promise made to him by Dragon's president that he would receive a 25% profit share of what Dragon received in the CADA deal. *Id.*  Ramesh therefore seeks to be allowed to intervene.

Ramesh claims that he is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) because this Motion is timely. *Id.*  Ramesh claims that he has a direct interest in relating to the transaction that is the subject of this action. *Id.*  He claims that the disposition of

2

this action may as a practical matter impair or impede Ramesh's ability to protect that interest. Finally, he contends that his interest is not adequately represented and, indeed, is directly adverse to, the existing parties. *Id.* Alternatively, Ramesh contends he is entitled to permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B) because his claims share common questions of law and fact with the main action, and intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *Id.*

Dragon opposes the motion. R. doc. 43. It contends that its former employee now seeks to inject an entirely different dispute, that Dragon's president promised him a one-fourth share in whatever it recovers from CADA. *Id.* Dragon contends that the Court lacks subject matter jurisdiction over the proposed intervention because Ramesh and Dragon are Louisiana residents. *Id.* Ramesh, according to Dragon lacks the direct, substantial, legally protectable interest required by Rule 24(a). *Id.* Dragon also contends that Ramesh cannot seek permissive intervention under Rule 24(b) because of the prejudice against the existing parties and delay to this lawsuit.

## II.    <u>Standard of Review</u>

The Federal Rules of Civil Procedure provide that there are two standards for intervention: intervention of right pursuant to Rule 24(a), and permissive intervention pursuant to Rule 24(b). FED. R. CIV. PRO. 24.

### A. <u>Intervention of Right</u>

Under Rule 24(a), the Court *must* permit anyone to intervene on timely motion if they have an unconditional right to intervene by a federal statute or if they claim an interest relating to the property or transaction at issue and the movant is so situated that disposing of the action would impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. FED. R. CIV. PRO. 24(a)(2). The movant in a motion to intervene bears the

3

burden of establishing their right to intervene, but federal jurisprudence provides that Rule 24 is to be liberally construed with any doubt resolved in favor of the intervenor. *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage, Comm'n*, 834 F.3d 562 (5th Cir. 2016).

Where the movant does not have an unconditional right to intervene under a federal statute, the movant must satisfy a four-part test to intervene as of right: (1) the motion to intervene must be timely, (2) the movant must have an interest relating to the property or transaction which is the subject of the action, (3) the movant must be so situated that the disposition of the action may, as a practical matter, impair or impede their ability to protect that interest, and (4) the movant's interest must be inadequately represented by the existing parties to the suit. *Wal-Mart Stores, Inc.*, 834 F.3d at 565.

Additionally, Fifth Circuit jurisprudence has established four factors that the Court must consider when evaluating the timeliness of a motion to intervene:

> "(1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely."

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

### B. <u>Permissive Intervention</u>

Under Rule 24(b), the Court *may* permit anyone to intervene on timely motion if they have a conditional right to intervene by federal statute or a claim or defense that shares a common question of law or fact with the main action. FED. R. CIV. PRO. 24(b)(1)(B). Federal jurisprudence provides that the Court has broad discretion to allow permissive intervention where the movant asserts claims with a common question of law or fact in connection with the main action, even if such intervention is not warranted as a matter of right. *Hanover Insurance Co. v. Superior Labor*

4

*Services, Inc.,* 2016 WL 1393388, at \*5 (E.D. La. 04/08/2016) (Morgan, J.). In exercising this discretion, the Court "must consider whether the intervention would unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. PRO. 24(b)(3).

**III.    Analysis**

**A.  Supplemental Jurisdiction**

Dragon contends that because the main claim is based on diversity jurisdiction under 28 U.S.C. §1332 Ramesh's attempt to intervene must also be diverse.  However, Ramesh and Dragon are each citizens of the State of Louisiana according to the Proposed Complaint in Intervention.  S*ee Rec. doc. 37-5,* Proposed Complaint in Intervention.  Also, during the hearing on the matter, counsel for Ramesh indicated that Ramesh was an actual employee of Phoenix, a Louisiana Company, not Dragon as alleged in the proposed Intervention. *Id.*

Dragon contends that there is no supplemental jurisdiction of the proposed intervention because Dragon, Ramesh and Phoenix are all Louisiana Citizens. *R. doc. 43*.  Dragon further contends that because the jurisdiction in this case is based on diversity that the ancillary claims must also be diverse. *Id.*   Therefore, Dragon contends that the Court lacks subject matter jurisdiction over the intervention. *Id.*

Section 1367(b) expressly withholds supplemental jurisdiction over "claims by persons . . seeking to intervene as plaintiffs under Rule 24" whenever exercising jurisdiction over those claims "would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). Before applying that statute, however, courts determine the intervenor's proper alignment by looking beyond the pleadings to the principal or ultimate purpose of the suit and the parties' true interests. *Id.*

5

The Fifth Circuit follows the same analytical framework.  In *Griffen,* the court  held that there must first be a determination of the intervenor's proper alignment and then, once aligned, "under a plain reading of 28 U.S.C. § 1367(b),  determine if there is any supplemental jurisdiction" over the proposed intervention.  *Griffin v. Lee*  621 F.3d 380, 388 (5th Cir. 20210) (quoting  *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.,*  723  F.2d 1173, 1178 (5th Cir. 1984). In  *Griffen*, after applying the test, the court vacated the judgment and remanded with instructions to dismiss the intervention for lack of subject-matter jurisdiction.  The Fifth Circuit has since reaffirmed that approach, holding that where an intervenor is properly aligned like the plaintiff in this case, § 1367(b) precludes supplemental jurisdiction over the intervenor's claims. *Chesapeake Louisiana, L.P. v. Buffco Production, Inc.,*  564 F. App'x 751, 756 (5th Cir. 2016)

 Like the plaintiff in intervention in  *Yorkshire Partnership Ltd. V. Pacific Capital Partners,* 154 F. R. D. 141, 142 ( M.D. La. Nov. 2, 1993), Ramesh, the plaintiff in intervention and Dragon, the named defendant in intervention, share Louisiana's citizenship.  Therefore, like in  *Yorkshire*, exercising supplemental jurisdiction over the proposed complaint would be inconsistent with §1332.

Therefore, the Court finds that even if Ramesh could intervene either as of right or permissively, the court lacks subject jurisdiction over the matter.  Because the issue was raised during the hearing, even if the Court were to permit Ramesh to amend and replace himself with his company Phoenix, because Phoenix also is a Louisiana company, the ruling would remain the same. Therefore, the Court would still lack subject matter jurisdiction.

Even if Ramesh could overcome the jurisdiction bar, his proposed intervention would fail for the following reasons.

**B.**     **Motion to Intervene**

**1. Intervention of Right**

a. **Timeliness**

Ramesh must satisfy a four-part test to intervene as of right, and the first of these four factors is timeliness. *Wal-Mart Stores, Inc.*, 834 F.3d at 565.

The Scheduling Order set by this Court is clear that the deadline to file third-party actions, which includes an intervention, was December 4, 2025. R. Doc. 8. Therefore, the present Motion to Intervene was procedurally untimely when it was filed on June 18, 2026. R. Doc. 37. The Court further finds that even if this deadline was continued, the four-factor approach for evaluating the timeliness of motions to intervene weighs against granting Ramesh' Motion to Intervene.

Regarding the length of time during which Ramesh knew of its interest in the case before it filed the Motion to Intervene, the Court is not persuaded by Ramesh's argument. Ramesh contends that while he knew of his interest, he did not realize that his interest would not be protected until April 10, 2026, when Yo-Chiao "Jack", ("Lo"). Lo denied that he is due monies from the recovery and also asserted his entitlement to recover monies due via a promissory note between Lo and Ramesh. R. doc.37-1. According to Ramesh, he became aware of both issues between April 2026 and June 2026. *Id.* Notably, the Court does not find Ramesh's argument persuasive because: (1) he confirmed that he knew about the lawsuit from its inception on August 25, 2025; (2) he was terminated in December 2025, which should have alerted him to the fact that his interest were not likely protected; and (3) the April 10, 2026 call did nothing more than confirm what Ramesh should have deduced in December 2025. *Id.* The Court, therefore finds that there was a notable lapse between Ramesh's knowledge of the claims against his former employer and Ramesh' subsequent Motion. *Id.*

This Court has previously found that a two-month delay prior to filing a motion to intervene in a suit involving their parties' interest is reasonable where the insurer <u>did not</u> have knowledge of that their parties' liability would be implicated at the inception of the litigation. *Sussman v. Financial Guards, L.L.C.*, 15-2373, 2017 WL 11672895, at *3 (E.D. La. 11/06/2017) (Roby, K.) (Court granted motion to intervene filed by plaintiffs' insurer in response to subsequent counterclaim filed against the plaintiffs, holding that the requirements for permissive intervention were satisfied since the motion was timely under the circumstances, shared a common question of law with the main action, and did not cause delay or prejudice to the main action).

However, the present case is distinguishable since Ramesh had knowledge of Dragon's lawsuit and his alleged interest in the proceeds of the case since August 2025. R. Doc. 37-1 at 5. Therefore, Ramesh's delay until June 18, 2026, to file the Motion to Intervene weighs against a finding of timeliness.

### b. **Prejudice to Ramesh' Interest**

Ramesh contends that there would be severe prejudice against him because he would not have a way to protect the monies promised him.  He complains that his resources would either be depleted or substantially more difficult to recover. R. doc. 37-1.  Ramesh claims that requiring him to file a separate suit would force duplicative litigation over the same agreement which he drafted and would allegedly result in inconsistent adjudications. *Id.*

Dragon contends that Ramesh's claim will not be extinguished by a judgment between Dragon and CADA.  Further, according to Dragon, there are no issues of prescription that would prevent Ramesh from filing a suit in an appropriate forum. R.doc. 43.  Dragon claims that Ramesh's claim is premature because his right to recover pursuant to the agreement at dispute in this lawsuit will not arise until Dragon recovers some amount of money, which has not occurred.  *Id.*

Regarding the extent of prejudice that the existing parties to the litigation may suffer because of the movant's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case it would prejudice the existing parties.

Further, the condition required for Ramesh to be able to assert a claim has yet to occur. Therefore, while he may have an interest in the proceeds recovered by Dragon in this suit, he does not have a right or interest in the agreement in dispute itself. The Court finds that this factor weighs against Ramesh's right of intervention.

### c. **Prejudice to the Parties Interest**

Instead, the Court finds that granting Ramesh' Motion causes prejudice to the existing parties. According to record, the deadline for discovery is August 5, 2026. R. Doc. 8. Ramesh's addition would affect the party's ability to complete discovery within the deadline. Such delays prejudice the existing parties, especially in light of the approaching discovery deadline.

### d. **Unusual Circumstances**

Regarding any unusual circumstances, against Ramesh's intervention, none exist. Ramesh admits in his submission that he is not a stranger to these instruments. *See* R. Doc. 37. Ramesh further claims that his forbearance while employed and relying on Dragon's promise is the kind of circumstance that counsels in favor of treating the motion as timely. *Id.* Ramesh also contends that judicial economy favors resolving his closely related claims in this single action. *Id.*

Weighing these factors and the clear terms of the Court's Scheduling Order, the Court finds that Ramesh's Motion to Intervene is untimely. As stated above, Ramesh must establish all four factors of the test for intervention as of right. *Wal-Mart Stores, Inc.*, 834 F.3d at 565. Ramesh's proposed intervention does not meet the requirements for intervention as of right Rule 24(a)(2) even if the Court had Subject Matter Jurisdiction.

2. **Permissive Intervention**

Ramesh asserts that the complaint for Intervention satisfies the three conditions of permissive intervention because it was timely filed and does not unduly delay the deadlines set by the Court, and the common questions of law and fact predominate with the main action. R. Doc. 37-1.

Dragon contends that the Court should deny Ramesh's alternative request for permissive intervention because: (1) it lacks subject matter jurisdiction; (2) it would result in undue delay and /or prejudice; and (3) the claims can be pursued in the proper court at the proper time. Rec. doc. 43.

The Court finds that contrary to the contentions of Ramesh, there are no common questions of law or fact in the proposed intervention.  It is also not lost on the Court that Ramesh failed to address the jurisdiction requirement which is lacking and nothing prohibits Ramesh from pursuing relief in state court against Dragon to protect his interest. The Court, therefore, denies Ramesh' Motion to Intervene on the basis that it fails to meet the requirements for intervention as of right or permissive intervention pursuant to Rule 24.

Accordingly,

## IV.    Conclusion

**IT IS ORDERED** that Vinay Ramesh's  **Motion for Leave to File Complaint for Intervention (R. Doc. 37)** is **DENIED in all respects.**

New Orleans, Louisiana, this 10th day of August 2026

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**