**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DRAGON LIMITED, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1750** |
| **CARBON ASSET DEVELOPER ASSOCIATES, LLC and FLOYD GARY CLYNE aka GARY THACKER ET. AL.** | **SECTION: "JO" (4)** |

**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion for Attorneys' Fees (R. Doc. 53)** pursuant to its prior Order (R. Doc. 38). The Plaintiff was ordered to file the subject motion to set reasonable attorneys' fees and costs and has complied with the Court's instructions. The motion is unopposed.

## I. Background

### A. Factual Summary

This case concerns a breach of contract, an unpaid promissory note, and the failure to reimburse Dragon Limited, Inc. ("Dragon") for expenses as promised. R. Doc. 1 The contract is a Profit Share Agreement executed by Carbon Asset Developer Associates, LLC ("CADA") and Dragon. *Id.* According to the Complaint, the Promissory Note is a note by CADA payable to Dragon in the principal amount of $500,000.00. *Id.* It is alleged that CADA failed to reimburse Dragon for business expenses. *Id.*

According to the Complaint, the Profit Share Agreement required Dragon to fund a jointly maintained working capital bank account with CADA with a deposit of $500,000.00, such that CADA would qualify to bid on certain contracts with the United States Defense Logistics Agency ("DLA") relating to its bulk petroleum purchase program. *Id.* Dragon alleges that in exchange, CADA would: (1) repay Dragon $500,000.00 with applicable interest, and (2) disburse 45% of its DLA profits to Dragon once CADA had accumulated sufficient profits to do so. *Id.*

CADA failed to fulfill its obligations under the Profit Share Agreement by not sharing its profits with Dragon. *Id.* Instead, Dragon alleges that CADA ultimately barred Dragon from accessing the bank account that it had agreed to jointly maintain in an attempt to conceal profits from Dragon such that CADA could unlawfully deprive Dragon of its share of the DLA profits. *Id.* Dragon alleges that CADA acknowledged the obligation to repay Dragon the $500,000.00 in capital funds by signing a Promissory Note, dated December 23, 2024, in the principal amount of $500,000.00, payable by CADA to Dragon, with interest on the unpaid principal at a rate of 10% per annum. *Id.* The amount was to be calculated monthly, commencing on November 1, 2023, which was due and payable in full with interest on or before April 16, 2025. *Id.* Dragon alleges that CADA has paid only $200,000.00 of the amounts due and owed under the Promissory Note and has failed to repay the remaining principal balance and interest due. *Id.*

**B. <u>The Subject Motion</u>**

By Order dated June 18, 2026 (Rec. Doc. 38), the Court granted in part Plaintiff's Motion to Compel Responses to Discovery and for Sanctions (Rec. Doc. 18) and, pursuant to Federal Rule of Civil Procedure 37(a)(5), awarded Plaintiff its reasonable expenses, including attorneys' fees. Rec. doc. 53. The Court directed Plaintiff to file this motion within fourteen (14) days and to support it with (1) an affidavit as to counsel's qualifications, (2) evidence of prevailing local rates, and (3) the documentation required by Local Rule 54.2. Plaintiff has complied with each requirement. *Id.*

Before the Plaintiff's deadline to file the present fee application expired, Defendant Floyd Gary Clyne filed a Chapter 13 bankruptcy petition on June 30, 2026. *Id.* On July 2, 2026, Plaintiff was informed of the bankruptcy filing and asserted that the automatic stay barred further

proceedings against both Clyne and CADA. *Id.* Plaintiff thereafter secured an order from the bankruptcy court confirming that the automatic stay did not apply to CADA and that Plaintiff could proceed against the defendant. Thereafter Plaintiff filed the subject motion. *Id.*

Plaintiff now seeks an award of reasonable attorneys' fees in the amount of $5,194.00 for 15 hours of work pursuant to FED. R. CIV. P. 37(a)(5). R. Doc. 53-1. Plaintiff contends that the rate of $465 per hour for Stephen M. Gelé, $345.00 per hour for Medlock Harbison, and paralegal rate of $155 for Sonya Roberts is reasonable. *Id.*

## II. **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *Combs v. City of Huntington*, 829 F.3d 388, 394 (5th Cir. 2016). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

---

[1]The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990).

## II. Analysis

### A. Reasonable Rate

Plaintiff seeks an award of attorney's fees in the amount of $5,194.00 as a result of the Defendants' failure to comply with the Court's discovery order. The order is unopposed.

Generally, federal law requires that reasonable hourly rates be calculated in relation to prevailing local standards. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Where a rate is not contested, it is prima facie reasonable. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995); *Trahan v. Crown Drilling, Inc.*, No. 09-6830, 2011 WL 3320531, at *4 (E.D. La. July 13, 2011) (Roby, M.J.) (finding that attorney's requested rate was reasonable when the rate was not challenged by the opposing party).

Plaintiff contends that the rate of $465 for Stephen M. Gelé, $345.00 per hour for Medlock Harbison, and rate of $155 for paralegal Sonya Roberts are reasonable. *See Carter v. Quinteros, Prieto, Wood & Boyer*, *P.A.*, No. 25-2273, 2026 WL 1179397, at *5 (E.D. La. Apr. 30, 2026) (where the Court approved a rate of $375 for a lawyer with twelve years' experience.); R. Doc.

53-3 at 1. CADA does not challenge the reasonableness of the rate for Gelé, Harbison, or Roberts. R. Doc. 53. Therefore, the rates are deemed reasonable.

### B. Reasonable Fee

Plaintiff also seeks a fee of $5,194.00 in connection with the Motion to Compel Discovery Responses and for Sanctions. *Id.* Plaintiff claims that they spent 15 hours in connection with the Motion to Compel. *Id.*

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum*, 465 U.S. at 895. The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

The Court has reviewed the time records and Gelé billed 3.8 hours, Harbison billed 8.9 hours, and Roberts 0.80 hours. R. Doc. 53-3 at 1.

| Timekeeper | Rate | Hours | Amount |
|---|---|---|---|
| Stepen M. Gele | 465.00 | 3.8 | $1,767.00 |
| Medlock Harbison, Jr. | 345.00 | 8.90 | $3,070.50 |
| Sony Roberts | 155.00 | 2.3 | $ 356.50 |
| | | | |
| Total Reasonable Fee | | | $5,194.00 |

## III. Conclusion

**IT IS ORDERED** that the **Motion for Attorney's Fees (R. Doc. 53)** be **GRANTED**, and that the Defendant, Carbon Asset Developer Associates, LLC, pay to Dragon Limited, Inc., reasonable attorney fees of $ 4,961.00 no later than **twenty-one (21) days** after the signing of this order.

New Orleans, Louisiana, this 21 st day of September 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**