**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DRAGON LIMITED, INC.**

**VERSUS**

**CARBON ASSET DEVELOPER ASSOCIATES, LLC and FLOYD GARY CLYNE aka GARY THACKER ET. AL.**

**CIVIL ACTION**

**NO: 25-1750**

**SECTION: "O" (4)**

**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion for Discovery Sanctions and/or Civil Contempt (R. Doc. 54)** for violating this Court's Order of June 18, 2026 (R. Doc. 38). The motion is not opposed.

## I. Background

### A. Factual Summary

This case concerns a breach of contract, an unpaid promissory note, and the failure to reimburse Dragon Limited, Inc. ("Dragon") for expenses as promised. R. Doc. 1. The contract is a Profit Share Agreement executed by Carbon Asset Developer Associates, LLC ("CADA") and Dragon. *Id.* According to the Complaint, the Promissory Note is a note by CADA payable to Dragon in the principal amount of $500,000.00. *Id.* It is alleged that CADA failed to reimburse Dragon for business expenses. *Id.*

According to the Complaint, the Profit Share Agreement required Dragon to fund a jointly maintained working capital bank account with CADA with a deposit of $500,000.00, such that CADA would qualify to bid on certain contracts with the United States Defense Logistics Agency ("DLA") relating to its bulk petroleum purchase program. *Id.* Dragon alleges that in exchange, CADA would: (1) repay Dragon $500,000.00 with applicable interest, and (2) disburse 45% of its DLA profits to Dragon once CADA had accumulated sufficient profits to do so. *Id.*

CADA failed to fulfill its obligations under the Profit Share Agreement by not sharing its profits with Dragon. *Id.* Instead, Dragon alleges that CADA ultimately barred Dragon from accessing the bank account that it had agreed to jointly maintain in an attempt to conceal profits from Dragon such that CADA could unlawfully deprive Dragon of its share of the DLA profits. *Id.* Dragon alleges that CADA acknowledged the obligation to repay Dragon the $500,000.00 in capital funds by signing a Promissory Note, dated December 23, 2024, in the principal amount of $500,000.00, payable by CADA to Dragon, with interest on the unpaid principal at a rate of 10% per annum. *Id.* The amount was to be calculated monthly, commencing on November 1, 2023, which was due and payable in full with interest on or before April 16, 2025. *Id.* Dragon alleges that CADA has paid only $200,000.00 of the amounts due and owed under the Promissory Note and has failed to repay the remaining principal balance and interest due. *Id.*

**B. <u>The Subject Motion</u>**

By Order dated June 18, 2026 (R. Doc. 38), the Court granted in part Plaintiff's Motion to Compel Responses to Discovery and for Sanctions (R. Doc. 18) and, pursuant to Federal Rule of Civil Procedure 37(a)(5), awarded Plaintiff its reasonable expenses, including attorneys' fees. R. doc. 74. On July 28, 2026, the Plaintiff also filed the subject motion seeking sanctions and or civil contempt.

Also of note, the Defendant Floyd Gary Clyne filed a Chapter 13 bankruptcy petition on June 30, 2026. *Id.* On July 2, 2026, Plaintiff was informed of the bankruptcy filing and asserted that the automatic stay barred further proceedings against both Clyne and CADA. *Id.* Plaintiff thereafter secured an order from the bankruptcy court confirming that the automatic stay did not apply to CADA and that Plaintiff could proceed against the defendant. Thereafter Plaintiff filed the subject motion. *Id.*

Plaintiff now seeks sanctions regarding CADA's failure to comply with its order and the finding of contempt. Plaintiff contends that because it seeks recovery under a profit-sharing agreement, the requested financial discovery is necessary to prove the amount of damages owed. Discovery closed on August 5, 2026, yet the plaintiff has not received the ordered discovery.

## II. Standard of Review

### A. Rule 37 Violation

Rule 37 applies when a party has violated a court order, such as a discovery ruling, during a period of active litigation. Fed. R. Civ. P. 37(b)(2); *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 & n.7 (7th Cir. 1994); see also *Settles v. United States*, No. 17-1272, 2018 WL 5733167, at *3 (W.D. Tex. Aug. 29, 2018).

Rule 37 sanctions serve a three-fold purpose: (1) to "ensure that a party will not be able to profit from its own failure to comply" with court orders; (2) to "secure compliance with the particular order at hand"; and (3) to serve as a "general deterrent" for noncompliance, in both the "instant case" and in "other litigation." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979).

When deciding on the appropriate sanction, the Court considers "(1) the willfulness of the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the noncompliant party was warned that further noncompliance could result in sanctions." *Kellogg v. J.C. Penney Corp.*, No. 11-CV-733 (RNC), 2013 WL 308985, at *1 (D. Conn. Jan. 25, 2013) (citing *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010)). The Court also should consider whether the moving party has been prejudiced by the noncompliance, "though a showing of prejudice is not a requirement for" the imposition of

sanctions under Federal Rule of Civil Procedure 37. *Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 178 (D. Conn. 2010).

**1. <u>Civil Contempt</u>**

Pursuant to Fed.R.Civ.P 37(b)(2)(A)(vii), a court may treat as contempt of court a party's failure to obey an order to provide or permit discovery. Fed.R.Civ.P 37(b)(2)(A)(vii).

> Specifically, Fed.R .Civ.P 37(b)(2)(A) provides:
> If a party ... fails to obey an order to provide or permit discovery ... the court in where the action is pending may issue further just orders. They may include the following: (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
> *3 Fed.R.Civ.P. 37(b)(2)(A).

Civil contempt vindicates the rights of aggrieved persons under valid court orders. *Louisiana Ed. Ass'n v. Richland Parish Sch. Bd.*, 421 F. Supp. 973, 975 (W.D.La.1976). It is well-settled that a party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir.1999). A party commits contempt by violating a definite and specific order of the court which requires him or her to perform or refrain from performing a particular act or acts with knowledge of the court's order. Id. (internal citations omitted).

"A civil contempt sanction is coercive rather than punitive and is intended to force a recalcitrant party to comply with a command of the court." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir.1987). However, civil contempt can serve two different purposes: (1) it can enforce,

through coerciveness, compliance with a court's order; or (2) it can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct. *Petroleos Mexicanos*, 826 F.2d 392, 400 (5th Cir.1987). Nonetheless, the court must exercise its power with discretion, and some courts have held that the power should be used sparingly. *Richland Parish*, 421 F. Supp. at 975.

## III. Analysis

Plaintiff contends that despite this Court's order the defendant has not produced any of the other requested records. The discovery was propounded in January 2026 and yet no responses have been forthcoming. CADA, although not protected by the bankruptcy filing has ignored this court's discovery order. CADA's noncompliance prejudices the plaintiff's right to gather evidence in support of their position in advance of the trial of these proceedings. Therefore, the Court finds that CADA is in Contempt of its Discovery Order of June 18, 2026.

## IV. Conclusion

**IT IS ORDERED that** Plaintiff's **Motion for Discovery Sanctions and/or Civil Contempt (R. Doc. 54) is GRANTED IN PART and DENIED IN PART.**

**IT IS GRANTED** that the Court finds that CADA is in Contempt of its Discovery Order of June 18, 2026.

**IT IS FURTHER ORDERED** that CADA shall serve complete responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents no later than fourteen (14) days from the signing of this order.

**IT IS FURTHER ORDERED** that CADA is precluded from objecting to the discovery except for attorney client privilege and/or the work product doctrine.

**IT IS FURTHER ORDERED** that this Order shall serve as notice to CADA that failure **to comply with this order may result in the preclusion of evidence at trial** of these proceedings, upon further Motion by plaintiff pursuant to Fed.R.Civ.P 37(b)(2)(A)(ii).

**IT IS FURTHER GRANTED** that CADA shall pay all reasonable attorneys fees incurred in connection with the filing of this motion pursuant to Rule 37(a)(5). Plaintiff shall file a motion to set reasonable attorneys' fees and costs **no later than fourteen (14) days** from the signing of this Order, and any opposition to the motion shall be filed no later than seven (7) days from the filing of the motion. The motion shall include the following: (1) an affidavit attesting to its attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill, and reputation and; (3) the documentation required by Local Rule 54.2.

**IT IS DENIED** as to Plaintiff's request regarding the future issuance of a subpoena and notice of corporate deposition, as neither of which is before the Court. The Court declines to preemptively rule as requested by the plaintiff.

New Orleans, Louisiana, this 15th day of October 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**