**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DRAGON LIMITED** | **CRIMINAL ACTION**

**VERSUS** | **NO. 25-1750**

**CARBON ASSET DEVELOPER ASSOCIATES, LLC, ET AL.** | **SECTION "O"**

**ORDER AND REASONS**

Before the Court is Plaintiff Dragon Limited's motion[1] to strike the answer of and enter default against Defendant Carbon Asset Developer Associates, LLC (CADA) pursuant to Federal Rules of Civil Procedures 16(f) and 55(a). Dragon Limited brings this civil action against CADA,[2] alleging breach of contract, an unpaid promissory note, detrimental reliance, and unjust enrichment[3] A jury trial is scheduled to begin on January 25, 2027.[4] However, Dragon Limited claims it has been prejudiced and unable to prepare for trial because, despite repeated warnings from the Court,[5] CADA has failed to retain counsel.[6] Therefore, Dragon Limited moves the Court to strike CADA's answer, direct the Clerk to enter default against CADA, and set a deadline to apply for a default judgment against CADA.[7] Because CADA is without counsel, it has not responded to the motion.

---

[1] ECF No. 88.

[2] Dragon Limited also brings claims against CADA's Managing Member and CEO, Floyd Gary Clyne. ECF No. 1. However, Plaintiff's instant motion seeks no relief against Mr. Clyne, who may continue represent himself *pro se*. ECF No. 88 at 2.

[3] ECF No. 1 ¶¶ 32–44.

[4] ECF No. 67 at 6.

[5] ECF Nos. 68, 77, 87.

[6] ECF No. 88-1 at 8–9.

[7] *Id.* at 10–11.

For the following reasons, Defendant's motion to strike the answer and for an entry of default is **GRANTED**.

## I. BACKGROUND

Dragon Limited filed its complaint against CADA in August 2024.[8] CADA waived service[9] and answered through counsel.[10] In April 2026, CADA's first counsel filed a motion to withdraw.[11] The Court granted the motion and ordered CADA to enroll new counsel no later than April 22, 2026.[12] Because LLCs must be represented by a licensed attorney to appear in federal court, the Court further warned that failure to enroll counsel may result in sanctions.[13] CADA missed this deadline and did not enroll new counsel until May.[14] Less than three months later, CADA's second counsel moved to withdraw, citing Defendant's failure to pay.[15] The Court granted the motion and ordered CADA to enroll new counsel no later than September 14, 2026.[16] The Court reiterated to CADA that failure to enroll counsel may result in sanctions.[17] But again, CADA missed the deadline to enroll.

In September, Clyne moved *pro se* for a ninety-day stay to allow CADA to obtain counsel.[18] In his motion, Clyne cited several reasons for CADA's inability to secure counsel: a "lockbox" restriction in Clyne's divorce proceeding preventing access

---

[8] ECF No. 1.
[9] ECF No. 3.
[10] ECF No. 4.
[11] ECF No. 9.
[12] ECF No. 10.
[13] *Id.*
[14] ECF No. 22.
[15] ECF No. 65.
[16] ECF No. 68.
[17] *Id.*
[18] ECF No. 73.

to corporate funds, Clyne's personal bankruptcy conversion from a Chapter 13 case to Chapter 7, and an outstanding arrest warrant in Texas restricting Clyne's ability to travel.[19] Dragon Limited opposed the motion.[20] In response, the Court ordered a show cause hearing as to why CADA should not be held in contempt or sanctioned for failure to enroll counsel.[21] Based on this hearing, the Court denied Clyne's motion for stay.[22] Once again, the Court warned that "[c]ontinued failure of CADA to enroll new counsel may result in sanctions without further notice, including the entry of a default judgment against the corporate entity."[23]

On October 29, 2026, Clyne filed a notice concerning CADA's continued inability to secure legal representation.[24] In the notice, Clyne asserts that "CADA faces financial difficulties that prevent it from retaining private legal counsel."[25] Clyne presents evidence of his efforts to obtain legal assistance through the Eastern District of Louisiana's Civil Pro Bono Program.[26] However, Clyne failed to provide any details or explanation for CADA's alleged "unresolved financial and practical difficulty."[27]

To date, CADA still has not retained counsel. Dragon Limited therefore moves this Court to strike CADA's answer, enter default against CADA, and set a deadline

[19] *Id.* at 1–2.
[20] ECF No. 76.
[21] ECF No. 77.
[22] ECF No. 87.
[23] *Id.* at 2.
[24] ECF No. 91.
[25] *Id.* at 1.
[26] *Id.* at 2–4.
[27] *Id.* at 2. The Court interpreted CADA's notice as a motion for appointment of pro bono counsel and is denying that request simultaneously with this Order.

for Plaintiff to apply for a default judgment.[28] CADA has not responded to the motion.[29]

## II. LAW AND APPLICATION

It is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney." 28 U.S.C. § 1654; *Memon v. Allied Domecq QSR*, 385 F. 3d 871, 873 (5th Cir. 2004). When confronted with an unrepresented corporate defendant, the district court has discretion to determine the appropriate course of action. *See* FED. R. CIV. P. 16(f); *Memon*, 385 F. 3d at 873. The court must first warn the corporate defendant that it cannot appear unrepresented and explain the consequences of failing to retain counsel. *See Memon*, F. 3d at 875 (reversing dismissal "because the district court did not first expressly warn the corporation that it must retain counsel"); *see also Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam). "When a corporate defendant fails to obey orders to obtain counsel after being warned of the consequences of failing to do so, the district court may properly strike its defenses or enter default." *G&G Closed Cir. Events, LLC v. TKO Ram LLC*, No. 23-CV-01533, 2025 WL 2612741, at *4 (W.D. Tex. Aug. 20, 2025).

Pursuant to Rule 55(a), default "must" be entered by the clerk when "a party against whom a judgment or affirmative relief is sought has failed to plead or

---

[28] ECF No. 88-1 at 10–11.

[29] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. Dragon Limited's motion is noticed for submission on Wednesday, November 11, 2026. Therefore, CADA was required to file any memoranda in opposition by Tuesday, November 3, 2026.

otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). Courts within the Fifth Circuit generally regard an LLC's failure to comply with an order to enroll counsel as a "failure to otherwise defend" under Rule 55(a). *See, e.g.*, *Jurek v. Fed. Hockey LLC*, No. 6:24-CV-00797, 2025 WL 1874981, at *2 (W.D. La. June 19, 2025), *report and recommendation adopted,* No. 6:24-CV-00797, 2025 WL 1872978 (W.D. La. July 7, 2025; *Martinez v. Master Flow Techs., LLC*, No. 23-CV-00227, 2024 WL 4653189 at *2 (W.D. Tex. Oct. 21, 2024); *Johnston v. Johnston*, No. 6:23-CV-00413, 2024 WL 2097158, at *1 (E.D. Tex. Apr. 19, 2024), *report and recommendation adopted*, No. 6:23-CV-00413, 2024 WL 2094650 (E.D. Tex. May 9, 2024). However, the Court cannot default an offending party "unless [it] first finds that a lesser sanction would not have served the interests of justice." *Gonzales v. HT&T Architects, Inc.*, No. 3-98-CV-0190, 1998 WL 574381, at *1 (N.D. Tex. Aug. 31, 1998) (quoting *S.E.C. v. First Hou. Cap. Res. Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992)).

*Jurek* is instructive. In *Jurek*, defense counsel filed a motion to withdraw after responding to the complaint on behalf of two LLC defendants. *Jurek*, 2025 WL 1874981, at *1. The district court granted the motion and advised that, because an LLC may not proceed *pro se*, "the corporate defendants "need[ed] to obtain new counsel as quickly as possible." *Id.* at *2. But over the next several months, the LLC defendants failed to enroll counsel or appear at scheduled status conferences. *Id.* The court noted that "[w]here, as here, a limited liability company previously represented by counsel becomes unrepresented by reason of counsel's withdrawal and fails to

enroll new counsel against the orders of the court, the court may strike that defendant's answer and deem all allegations of the complaint admitted by failure to defend." *Id.* at *3. (citing *Donovan*, 736 F. 2d at 1005). Therefore, upon Plaintiff's motion, the court struck the defendants' answers. *Jurek*, 2025 WL 1872978, at *1.

The Court finds the same course of action is appropriate here. On three occasions, the Court ordered CADA to enroll counsel and explained the consequences of failing to enroll. *See Pipe Hitters Union, LLC v. Pipe Hitters Union MC, LLC*, No. 1:20-CV-167, 2020 WL 10692700, at *2 (W.D. Tex. Apr. 27, 2020) (ordering the clerk to strike the answer of defendant LLC after orders to enroll counsel were ignored). Clyne has presented several explanations for CADA's failure to retain counsel, none of which apply to CADA. An LLC "is a separate legal entity from its owners." *Axis Surplus Ins. Co. v. Third Millennium Ins. & Fin. Servs., Inc.*, 781 F. Supp. 2d 320, 326 (E.D. La. 2011). Therefore, CADA's ability to retain counsel is not limited by Clyne's personal divorce or bankruptcy proceedings. And the Bankruptcy Court has confirmed that any automatic stay related to Clyne's bankruptcy case "does not apply to persons other than the Debtor, Floyd Gary Clyne."[30] Dragon Limited may therefore continue to litigate[31] its claims against CADA—claims that CADA has failed to defend.

Clyne's assertions that CADA cannot afford an attorney are similarly unpersuasive. LLCs are "presumed to have sufficient assets to pay costs." *TenPearls,*

---

[30] Order Granting in Part and Continuing in Part Dragon Limited's Motion for Relief from the Automatic Stay, *In re Floyd Gary Clyne*, No. 26-11591, ECF No. 46 (Bankr. E.D. La. July 21, 2026).
[31] *Id.*

*LLC v. Medulla Int'l, LLC*, No. 4:22-CV-550, 2023 WL 2591479, at *1 (E.D. Tex. Jan. 6, 2023) (quoting *FDM Mfg. Co. v. Scottsdale Ins. Co.*, 855 F. 2d 213, 214 (5th Cir. 1988) (per curiam)). An LLC cannot overcome this presumption with mere assertions that it cannot afford an attorney. *See id.* (rejecting "unsubstantiated arguments" that an LLC cannot afford an attorney); *Spivey v. Absentia Pictures LLC*, No. 3:19-CV-1256, 2019 WL 7841928, at *1 (N.D. Tex. Oct. 2, 2019) (rejecting an LLC's "unverified and unsubstantiated assertions" that it cannot afford to retain counsel). For these reasons, the Court strikes Defendant CADA's answer pursuant to Rule 16(f) for failure to appear by licensed counsel.

The Court also finds that an entry of default is appropriate. The record here is rife with examples of delay caused by CADA's failure to retain counsel. After permitting counsel to withdraw twice, the Court ordered CADA to retain counsel by September 14, 2026. Despite this Court's warning that failing to retain new counsel could result in a default judgment, no counsel has been enrolled on CADA's behalf. The trial date is quickly approaching, but without legal representation, CADA cannot appear in federal court to defend this action. As a result, Dragon Limited has been prejudiced by its inability to meaningfully prosecute its case against the unrepresented LLC. And given CADA's repeated disregard of prior orders,[32] the Court is convinced that "a lesser sanction would not have served the interests of justice." *Kidwell v. Ruby IV, L.L.C.*, No. CV 18-2052, 2019 WL 5703240, at *1 (E.D. La. Oct. 31, 2019) (quoting *First Hou.*, 979 F.2d at 382). For these reasons, the Court

---

[32] While the issue is not before the Court in the instant motion, CADA has also been sanctioned and held in contempt for violating discovery orders. *See* ECF No. 84.

finds that an entry of default is warranted given CADA's failure to obtain counsel or "otherwise defend" this case under Rule 55(a). *See Mayorga v. Stamp Concrete & Pavers, Inc.*, 2015 WL 1345364, at *3 (S.D. Fla. Mar. 23, 2015) (collecting cases where district courts found that entry of a default judgment was the appropriate sanction for a corporation's failure to obtain counsel).

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Dragon Limited's motion[33] to strike the answer of Defendant Carbon Asset Developer Associates, LLC, is **GRANTED**.

**IT IS FURTHER ORDERED** that the answer[34] of Defendant Carbon Asset Developer Associates, LLC, is hereby **STRICKEN**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter a default against Defendant Carbon Asset Developer Associates, LLC, pursuant to Federal Rule of Civil Procedure 55(a), for failure to "otherwise defend" this action.

**IT IS FURTHER ORDERED** that Dragon Limited shall file a motion for default judgment pursuant to Federal Rule of Civil Procedure 55 no later than **NOVEMBER 23, 2026**.

[33] *Id.*
[34] ECF No. 4.

New Orleans, Louisiana, this 9th day of November, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE